UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOREEN VALDEZ SANDHU,<br><br>    Petitioner,<br><br>v.<br><br>FRESNO COUNTY JAIL SHERIFF DEPT.,<br><br>    Respondent. | Case No. 1:18-cv-00359-MJS (HC)<br><br>**ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE DISMISSED**<br><br>**THIRTY (30) DAY DEADLINE**<br><br>**CLERK TO SEND BLANK HABEAS CORPUS FORM TO PETITIONER** |

Petitioner is a County jail inmate prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. She has been convicted on several occasions in the Fresno County Superior Court.

**I.  Procedural Grounds for Summary Dismissal**

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

**II.     Non-Cognizable Claims**

A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254(a). A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of her confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), quoting, Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner or civil detainee to challenge the conditions of that confinement. McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

For the most part, Petitioner's claims do not implicate the fact or duration of her confinement. Petitioner primarily challenges her medical care in the jail. This presents a challenge to her conditions of confinement, not the fact or duration of her confinement. Claims related to medical care do not fall within the Court's habeas jurisdiction.

Petitioner does also seeks compassionate release under California law due to her medical issues. However, claims arising only under state law, even if meritorious, would not provide a basis for federal habeas jurisdiction.

A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971). Thus, Plaintiff will be provided

the opportunity to file an amended petition.

**III.     Exhaustion Requirement**

Petitioner does present one claim that sounds in habeas. Although somewhat unclear, she appears to claim that she was either convicted or sentenced on two separate occasions for the same offense. There is, however, no indication in the petition that she has presented this claim in the California Supreme Court.

A petitioner who is in state custody and wishes to collaterally challenge her conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 9 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that she was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), amended, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly present" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct' alleged violations of the prisoners'

3

federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
>
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000).

Here, it is unclear from the petition whether Petitioner has presented her claims to the highest state court, the California Supreme Court. It appears that she may have raised some of her claims in a petition for writ of habeas corpus in the Fresno County Superior Court. However, she does not state whether she also sought review of these claims in the California Supreme Court. This court cannot proceed to the merits of the petition unless the claims have first been presented to the California Supreme Court, whether on direct appeal or by way of a petition for writ of habeas corpus.

If Petitioner has, in fact, presented her claims to the California Supreme Court, she must so advise this Court and, if possible, provide this Court with a copy of the petition filed in the California Supreme Court along with any ruling thereon. Without information to suggest that the claims have been presented to the California Supreme Court, the Court is unable to proceed to the merits of the petition. 28 U.S.C.

4

§ 2254(b)(1).

**IV.     Order**

It is HEREBY ORDERED that:

1. Petitioner shall show cause, within thirty days of the date of service of this order, why the claims relating to medical care and compassionate release should not be dismissed for failure to state a cognizable habeas claim;

2. Petitioner shall show cause, within thirty days of the date of service of this order, why the claim relating to double jeopardy should not be dismissed for failure to exhaust state court remedies;

3. If Petitioner chooses to amend her petition, she must file her amended petition for writ of habeas corpus within thirty days of the date of service of this order; and

4. Failure to respond to this order will result in a recommendation that the petition be dismissed.

IT IS SO ORDERED.

Dated:   April 4, 2018                              /s/ *Michael J. Seng*
                                                    UNITED STATES MAGISTRATE JUDGE