UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| DOREEN VALDEZ SANDHU,<br><br>Petitioner,<br><br>v.<br><br>FRESNO COUNTY JAIL SHERIFF DEPT.,<br><br>Respondent. | No. 1:18-cv-00359-JDP (HC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE<br><br>OBJECTIONS DUE IN 14 DAYS<br><br>ECF No. 7<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN CASE TO DISTRICT JUDGE |
|---|---|

Petitioner Doreen Valdez Sandhu, a pretrial detainee at Fresno County Jail, seeks a writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 7. The matter is before the court for preliminary review. Under Rule 4 of the Rules Governing Section 2254 Cases, the court must examine the habeas petition and order a response to the petition unless it "plainly appears" that the petitioner is not entitled to relief.

Petitioner seeks federal habeas relief, arguing that she is entitled to compassionate release because she has not been receiving adequate medical care, that she is entitled to a reduced sentence under California's Proposition 47, and that her custody violates the Double Jeopardy Clause under the Fifth Amendment. This court ordered petitioner to show cause why the court should not dismiss the petition for her failure to exhaust state-court remedies. ECF No. 5.

Petitioner responded by stating that she exhausted her state-court remedies by serving an unidentified document upon Fresno County Sheriff and the California Supreme Court. *See* ECF No. 6. In addition, petitioner has filed an amended petition. ECF No. 7. We recommend dismissing the petition for petitioner's failure to exhaust state-court remedies and failure to state a cognizable habeas claim.

Generally, a federal court may not grant a state prisoner's petition for a writ of habeas corpus unless the prisoner has exhausted remedies in state court. 28 U.S.C. § 2254(b)(1)(A). To satisfy the exhaustion requirement, a petitioner must "fairly present" her habeas claims "in each appropriate state court . . . including a state supreme court with powers of discretionary review." *Murray v. Schriro*, 882 F.3d 778, 807 (9th Cir. 2018) (quoting *Baldwin v. Reese*, 541 U.S. 27, 30 (2004)). The exhaustion requirement, rooted in the principles of comity, ensures that the state courts have "the first opportunity . . . to correct the errors made in the internal administration of their prisons." *Simpson v. Thomas*, 528 F.3d 685, 692 (9th Cir. 2008) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 491-92 (1973)); *accord Beames v. Chappell*, No. 1:10-cv-01429, 2015 WL 403938, at *3 (E.D. Cal. Jan. 28, 2015) (collecting cases).

Here, petitioner has not exhausted her state-court remedies. Although this court has explained to petitioner how to present habeas claims in state court, ECF No. 5 at 3-4, petitioner states in her response to this court's order to show cause, "I have submitted and have served Fresno County Jail Sheriff Dept Corner Office PO Box 1788 Fresno CA 93717 as well as served also as requested: California Supreme Court 350 Mcallister Street San Francisco CA 94102." ECF No. 6 at 1. Petitioner does not explain what document she served upon Fresno County Sheriff or the California Supreme Court. She also does not allege facts that would allow the court to evaluate whether she has fairly presented her claims in state court.

Petitioner fails to state a cognizable claim. She states in her petition that she has not received adequate medical treatment, that she is entitled to reduced penalties under California's Proposition 47, and that her custody violates the Double Jeopardy Clause under the Fifth Amendment. ECF No. 7 at 4-5. As for the first claim, this court has construed it as a claim for compassionate release under California law, which allows courts to release individuals who have

incurable conditions that would result in death within six months. *See generally* Cal. Penal Code § 1170 (e)(2)(A). But this court will not grant federal habeas relief relying on state law. *See Estelle v. McGuire*, 502 U.S. 62, 67 (1991). Likewise, petitioner's claim based on California's Proposition 47, which allows reduced penalties for theft and certain drug-related offenses, concerns state law, not federal law. *See People v. Weir*, No. D073626, __ Cal. Rptr. 3d __, 2019 WL 1415115, at *1 (Cal. Ct. App. Mar. 29, 2019).

Petitioner's claim of double jeopardy concerns federal law, but petitioner does not allege enough facts for us to evaluate her claim. She states:

> Was Convicted in one county Year in custody Fresno Sheriff dept Jail release 4-11-17 complete sentence of conviction resentence on same case again 9-28-2017 same court room different judge[.]

ECF No. 7 at 4. This allegation is difficult to decipher and too conclusory. In addition, being resentenced in a case is not the same as being prosecuted for the same offense twice. We cannot tell whether there has been any violation of federal law or whether petitioner is simply confused about court procedure.

In sum, the court should dismiss the petition for petitioner's failure to exhaust state-court remedies and failure to state a cognizable habeas claim. If petitioner believes that she is entitled to relief under state law, she can vindicate her rights in state court. As for her claim of double jeopardy, she can litigate that claim in state court during her criminal proceeding, presumably with the assistance of counsel, given her status as a pretrial detainee. We have considered converting the petition into a Section 1983 complaint in light of petitioner's allegation of inadequate medical care. *See Nettles v. Grounds*, 830 F.3d 922, 936 (9th Cir. 2016) (noting that court should consider converting habeas petition into Section 1983 complaint if petition is amenable to such conversion). The petition, however, is too conclusory, so it appears that converting the petition into a Section 1983 complaint would result in a prompt dismissal. *See* Fed. R. Civ. P. 8(a)(2).[1]

---

[1] If petitioner wishes to pursue a civil rights action for being denied medical care, this dismissal without prejudice does not preclude her from filing a Section 1983 action and opening a new case. Likewise, this dismissal without prejudice does not preclude her from filing a habeas petition raising a meritorious claim in the future.

3

Finally, the court should decline to issue a certificate of appealability. A petitioner seeking a writ of habeas corpus has no absolute right to appeal a district court's denial of a petition; she may appeal only in limited circumstances. *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Rule 11 Governing Section 2254 Cases requires that a district court issue or deny a certificate of appealability when entering a final order adverse to a petitioner. *See also* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). A certificate of appealability will not issue unless a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires the petitioner to show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *accord Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, petitioner has not made a substantial showing of the denial of a constitutional right. Thus, the court should decline to issue a certificate of appealability.

**I.  Order**

The clerk is directed to assign this case to a U.S. district judge.

**II.  Findings and recommendations**

We recommend that the court dismiss the petition without prejudice for petitioner's failure to exhaust state-court remedies and failure to state a cognizable habeas claim. The court should decline to issue a certificate of appealability.

Under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California, these findings and recommendations are submitted to the United States District Court Judge presiding over this case. Within fourteen days of the service of the findings and recommendations, any party may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The presiding District Judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

4

IT IS SO ORDERED.

Dated: April 1, 2019

_____
UNITED STATES MAGISTRATE JUDGE

No. 202